UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CLIFFORD FIDLER,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

CIVIL ACTION NO. 3:13-CV-2051

(Judge Kosik)

## **ORDER**

AND NOW, THIS 8th DAY OF OCTOBER, 2015, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Clifford Fidler, protectively filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act. After Plaintiff's applications were denied, Plaintiff requested and obtained a hearing before an Administrative Law Judge ("ALJ"), which occurred on March 2, 2012. On March 12, 2012, the ALJ found that Plaintiff was disabled within the meaning of the Act and issued a fully favorable decision granting both Title II and Title XVI disability benefits (Doc. 1, para. 8). In a letter dated April 5, 2013, Plaintiff received notice from the Appeals Council, notifying him that it intended to reverse the ALJ's award of disability insurance benefits. On May 31, 2013, Plaintiff received an unfavorable decision from the Appeals Council (Doc. 1, paras. 9-10; Doc. 17, p. 4). Plaintiff filed a Complaint appealing the final decision of the Appeals Council on July 30, 2013 (Doc. 1);

(2) This action was assigned to Magistrate Judge Gerald B. Cohn;

(3) On September 24, 2015, the Magistrate Judge issued a Report and Recommendation (Doc. 17), wherein he recommended that the decision of the Commissioner of Social Security, denying Plaintiff's claims, be vacated and the case

be remanded to the Commissioner of Social Security, to develop the record fully, to conduct a new administrative hearing, and to appropriately evaluate the evidence;

(4) The Magistrate Judge found that Plaintiff was entitled to a hearing before an ALJ prior to the termination of his disability insurance benefits. Additionally, the Magistrate Judge found the Administrative Record to be incomplete, thereby precluding meaningful review;

(5) On October 6, 2015, Defendant waived the opportunity to object to the Report and Recommendation (Doc. 18);

AND, IT FURTHER APPEARING THAT:

(6) If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A.§ 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); and

(7) We have considered the Magistrate Judge's Report, and we concur with his recommendation.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Gerald B. Cohn, dated September 24, 2015 (Doc. 17) is **ADOPTED**;

(2) The Clerk of Court shall enter judgment in favor of Plaintiff, Clifford Fidler, and against the Commissioner of Social Security, as set forth in the following paragraph;

(3) The decision of the Commissioner of Social Security, denying Plaintiff's disability insurance benefits, is **VACATED**, and the case is **REMANDED** to the Commissioner of Social Security to:

(3.1) Develop the record fully, conduct a new administrative hearing, and appropriately evaluate the evidence; and,

(4) The Clerk of Court is further directed to **CLOSE** this case and to **FORWARD** a copy of this Order to the Magistrate Judge.

                                                 s/Edwin M. Kosik
                                                 Edwin M. Kosik
                                                 United States District Judge